1

2                                                          *E-Filed 5/25/11*

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                             NORTHERN DISTRICT OF CALIFORNIA

10                               SAN FRANCISCO DIVISION

11

12   JOSE RAUL RAMIREZ,                         No. C 11-01436 RS (PR)

13            Petitioner,                        **ORDER REOPENING ACTION;**

14       v.                                      **ORDER TO SHOW CAUSE;**

15   GAIL LEWIS, Warden,                         **DIRECTIONS TO CLERK**

16            Respondent.
     _____/
17

18                                   **INTRODUCTION**

19        This is a federal habeas corpus action filed pursuant to 28 U.S.C. § 2254 by a *pro se*

20   state prisoner.  The petition was dismissed for failure to pay the filing fee or file a proper

21   application to proceed *in forma pauperis*.  The filing fee now having been paid, the action is

22   hereby REOPENED.  The order of dismissal (Docket No. 3) and the judgment (Docket No.

23   4) are both hereby VACATED.  The petition is now before the Court for review pursuant to

24   28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

25                                   **BACKGROUND**

26        According to the petition, in 2004, petitioner pleaded guilty in a Monterey County

27   Superior Court to a charge of car jacking.  Consequent to the guilty plea, petitioner was

28
                                                          No. C 11-01436 RS (PR)
                                                          ORDER TO SHOW CAUSE

**United States District Court**
For the Northern District of California

1   sentenced to nineteen years in state prison.

2                                   **DISCUSSION**

3          This Court may entertain a petition for writ of habeas corpus "in behalf of a person in

4   custody pursuant to the judgment of a State court only on the ground that he is in custody in

5   violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

6   A district court considering an application for a writ of habeas corpus shall "award the writ

7   or issue an order directing the respondent to show cause why the writ should not be granted,

8   unless it appears from the application that the applicant or person detained is not entitled

9   thereto."  28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in

10   the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  *See*

11   *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

12          Petitioner claims that the trial court imposed an upper-term sentence in violation of

13   petitioner's Sixth Amendment rights.  Liberally construed, this claim appears to be

14   cognizable in a federal habeas action.

15                                   **CONCLUSION**

16          1.  The Clerk shall serve by certified mail a copy of this order, the petition and all

17   attachments thereto, on respondent and respondent's counsel, the Attorney General for the

18   State of California.  The Clerk shall also serve a copy of this order on petitioner.

19          2.  Respondent shall file with the Court and serve on petitioner, within **ninety (90)**

20   days of the date this order is filed, an answer conforming in all respects to Rule 5 of the

21   Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not

22   be granted based on petitioner's cognizable claim.  Respondent shall file with the answer and

23   serve on petitioner a copy of all portions of the state trial record that previously have been

24   transcribed and that are relevant to a determination of the issues presented by the petition.

25          3.  If petitioner wishes to respond to the answer, he shall do so by filing a traverse

26   with the Court and serving it on respondent's counsel within **thirty (30)** days of the date the

27   answer is filed.

28

No. C 11-01436 RS (PR)
ORDER TO SHOW CAUSE

1     4.  In lieu of an answer, respondent may file, within **ninety (90)** days of the date this

2   order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory

3   Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files

4   such a motion, petitioner shall file with the Court and serve on respondent an opposition or

5   statement of non-opposition within **thirty (30)** days of the date the motion is filed, and

6   respondent shall file with the Court and serve on petitioner a reply within **fifteen (15)** days of

7   the date any opposition is filed.

8     5.  Petitioner is reminded that all communications with the Court must be served on

9   respondent by mailing a true copy of the document to respondent's counsel.

10     6.  It is petitioner's responsibility to prosecute this case.  Petitioner must keep the

11   Court and respondent informed of any change of address and must comply with the Court's

12   orders in a timely fashion.  Failure to do so may result in the dismissal of this action for

13   failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

14     7.  Upon a showing of good cause, requests for a reasonable extension of time will be

15   granted provided they are filed on or before the deadline they seek to extend.

16     8.  The Clerk is directed to reopen the action.

17     **IT IS SO ORDERED**.

18   DATED:  May 24, 2011

                                                          RICHARD SEEBORG
19                                                        United States District Judge

20

21

22

23

24

25

26

27

28