*E-Filed 10/3/12*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSE RAUL RAMIREZ, | No. C 11-1436 RS (PR) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| GREG LEWIS, Warden, | |
| Respondent. | |

## INTRODUCTION

This is a federal habeas corpus action filed pursuant to 28 U.S.C. § 2254 by a *pro se* state prisoner. For the reasons discussed herein, respondent's motion to dismiss the petition as untimely (Docket No. 19) is GRANTED. The petition is DISMISSED.

## DISCUSSION

**A.    Standard of Review**

Federal habeas petitions must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by

unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1). "[W]hen a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires." *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).

## B.     Timeliness of the Petition

The following facts are undisputed. Petitioner was sentenced on August 30, 2004 in the Monterey County Superior Court. He did not appeal. Therefore, his conviction became final on October 29, 2004, 60 days after the time for filing a notice of appeal had passed. *See* Cal. Rule of Court 8.104(a). Accordingly, petitioner had until October 30, 2005, that is, one year from the date his conviction became final, to file a timely federal habeas petition. The instant petition was filed on March 24, 2011, well after the October 30, 2005 deadline. On this record, absent statutory or equitable tolling, the petition is barred by AEDPA's statute of limitations.

Petitioner, however, asserts that the Sixth Amendment right recognized in *Cunningham v. California*, 549 U.S. 270 (2007), entitles him to a delayed commencement of the limitations period under § 2244(d)(1)(C). This claim fails for two reasons. First, *Cunningham* did not announce a new rule, and therefore does not meet the requirements of § 2244(d)(1)(C). *Butler v. Curry*, 528 F.3d 624, 639 (9th Cir. 2008). Second, even if *Cunningham* did announce a new rule, the petition would still be untimely. Petitioner admits that he discovered *Cunningham* in "late 2007." (Opp. to Mot. to Dismiss at 7.) Assuming this to be true, petitioner then had one year from (at the latest) December 31, 2007, viz., January 1, 2009, to file a timely federal habeas petition. Again, the instant petition was not filed until 2011, well after the 2009 deadline. Therefore, unless he is entitled to statutory or

equitable tolling, the petition is untimely and must be dismissed.

### 1. Statutory Tolling

Petitioner alleges that he is entitled to statutory tolling of the filing deadline because he was pursuing his state court remedies. The record does not support such a conclusion. His first state habeas petition was filed November 9, 2009, nearly two years after discovering *Cunningham* in late 2007. A state habeas petition filed after AEDPA's statute of limitations ended, here January 1, 2009 at the latest, cannot toll the limitation period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). Section 2244(d)(2) cannot "revive" the limitation period once it has run (i.e., restart the clock to zero); it can only serve to pause a clock that has not yet fully run. "Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Rashid v. Kuhlmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998). Because petitioner filed his first state habeas petition after the filing date for a federal habeas petition, he is not entitled to statutory tolling.

### 2. Equitable Tolling

Petitioner asserts that he is entitled to equitable tolling because the prison denied him access to his legal papers. A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) ("When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate.")

Petitioner has not shown that external circumstances stood in his way and prevented timely filing. He fails to specify what legal papers he required but was denied, what necessary information the papers contained, or that the prison would not let him mail a petition containing his new claim to the state courts. Petitioner has not shown that he is entitled to the extraordinary relief of equitable tolling.

**CONCLUSION**

For the reasons stated above, respondent's motion to dismiss the petition as untimely (Docket No. 19) is GRANTED. Accordingly, the action is DISMISSED.

A certificate of appealability will not issue. Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Clerk shall enter judgment in favor of respondent, terminate Docket No. 19, and close the file.

**IT IS SO ORDERED**.

DATED: October 3, 2012

RICHARD SEEBORG
United States District Judge